IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

**INAL ALAGIC,** *Individually, and on behalf of herself and others similarly situated,*

  Plaintiff,

v. No._____

**DOORDASH ESSENTIALS,
LLC,** d/b/a **DASHMART**

   **FLSA Multi-Plaintiff Action**
   **JURY DEMANDED**

Defendant,

## ORIGINAL FLSA MULTI-PLAINTIFF COMPLAINT

Plaintiff, Inal Alagic ("Plaintiff"), individually, and on behalf of herself and other similarly situated current and former hourly-paid associates, brings this Fair Labor Standards Act ("FLSA") multi-plaintiff action against DoorDash Essentials, LLC, doing business as ("d/b/a") DashMart ("Defendant"), and alleges as follows:

### I. NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C.

1

§ 207 (a)).

2. This lawsuit is brought against Defendant as a multi-plaintiff action under the FLSA, 29 U.S.C. § 201, *et seq.,* to recover the applicable FLSA overtime compensation rates of pay owed to Plaintiff and other similarly situated hourly-paid associates who are currently or previously employed by Defendant during all times material.

## II. JURISDICTION AND VENUE

3. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiffs' FLSA claims is based on U.S.C. § 201, 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

4. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff was employed by and performed work for Defendant in this district at all times relevant to this action. Defendant regularly has conducted and continues to conduct business in this district and has engaged and continues to engage in wrongful conduct alleged herein in this district during all times material to this action.

## III. PARTIES

5. Plaintiff, Inal Alagic, has been employed by Defendant as an hourly-paid associate within this district during the applicable statutory limitations period of this action. Plaintiff Alagic's Consent to Join this action as a Named Representative Plaintiff is attached hereto as *Exhibit A*.

6. Defendant, DoorDash Essentials, LLC, is a Delaware limited liability company with its principal address listed as 303 2nd Street, Suite 800, San Francisco, California 94107. Defendant's registered agent for service of process is C T Corporation System, 900 Montvue Road, Knoxville, Tennessee 37919-5546.

# IV.
# COVERAGE

7. Plaintiff and those similarly situated are current or former hourly-paid associates of Defendant.

8. At all times material to this action, Defendant has been an "employer" as defined by the FLSA.

9. At all times material to this action, Defendant has been an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00 and its tipped employees.

10. Plaintiff and those similarly situated likewise have engaged in interstate commerce on behalf of Defendant during all relevant times.

11. Plaintiff and those similarly situated have been "employees" as defined by the FLSA, during all times material herein

12. As a result, Plaintiff and those similarly situated are entitled to at least the applicable FLSA overtime compensation rates of pay owed to them, as addressed herein.

## V. FACTUAL ALLEGATIONS

13. Defendant is a subsidiary of DoorDash, LLC, and serves as its fulfillment store to supply groceries and household items to DoorDash customers.

14. Defendant has employed Plaintiff and other similarly situated associates during all times material to this action.

15. Defendant has had a timekeeping system to record the compensable hours of Plaintiff and those similarly situated during all times relevant herein.

16. During all times pertinent, Defendant has had a common plan, policy, and practice of failing to pay Plaintiff and those similarly situated for all their overtime compensation at

3

the applicable FLSA rates of pay.

17. Defendant either failed to record all the compensable hours of Plaintiff and those similarly situated into its time keeping system or deducted ("edited-out") some of their compensable hours from its time keeping system during all times material.

18. More specifically, Defendant had a common policy and practice of failing to pay Plaintiff and those similarly situated for such compensable work time as:

   (a) Performing job duties before "clocking-in" to Defendant's time keeping system, such as conferring with delivery drivers, management members, co-workers, and inspecting the warehouse premises for safety, security, and maintenance purposes, without being compensated for such pre-shift "off the clock" activities at the applicable FLSA overtime compensation rates of pay during all times material;

   (b) Attending work-related training (via video) during "off duty" hours without being compensated for such "off the clock" training at the applicable FLSA overtime compensation rates of pay during all times material;

   (c) Working during 30-minute unpaid meal breaks, and/or not being fully relieved from all job duties during 30-minute unpaid meal breaks – whether or not clocked-out of Defendant's time keeping system - without being compensated for such 30-minute unpaid meal breaks at the applicable FLSA overtime compensation rates of pay during all times material; and/or

   (d) Performing job duties after "clocking out" of Defendant's time-keeping system, such as completing reports, conferring with delivery drivers, management members, co-workers, and others, without being compensated for such post-shift "off the clock" activities at the applicable FLSA overtime compensation rates of pay during all times

material.

19. Defendant had actual and constructive knowledge that Plaintiff and those similarly situated were not paid for such compensable work time at the applicable FLSA overtime compensation rates of pay during all times material.

20. Defendant failed to maintain true and accurate pay records pertaining to Plaintiff and those similarly situated, as is required by the FLSA.

21. The unpaid wage claims of Plaintiff and those similarly situated are unified through common theories of Defendant's FLSA violations.

22. Defendant knowingly committed the above FLSA violations.

23. Defendant's violations were willful with reckless disregard of clearly established FLSA wage and hour requirements, and without a good faith basis.

24. The net effect of Defendant's violations was to save payroll costs and payroll taxes.

25. As a consequence, Defendant has enjoyed ill-gained profits at the expense of Plaintiff and those similarly situated.

26. Although at this stage Plaintiff is unable to state the exact amount owed to her and those similarly situated, such amounts will become available during the course of discovery.

27. However, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony and records.

## VI.
## FLSA MULTI-PLAINTIFF ALLEGATIONS

28. Plaintiff brings this action on behalf of herself and those similarly situated pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216(b).

29. More specifically, Plaintiff brings this action on behalf of herself and the following

similarly situated persons:

"All current and former hourly-paid associates who have been employed by Defendant in the United States at any time during the applicable statutory limitations' period covered by this Complaint (*i.e.* two years for FLSA violations and, three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who is the Named Plaintiff or elect to join this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "potential plaintiffs").[1]

30. The claims under the FLSA may be pursued by those who join this action under 29 U.S.C. § 216(b).

31. The claims of Plaintiff are typical of the claims of those similarly situated.

32. Plaintiff and those similarly situated were subjected to the same operational, compensation, and timekeeping policies and practices of Defendant, without being paid for all their aforementioned wage claims at the applicable FLSA overtime compensation rates of pay within weekly pay periods during all times material.

33. As a result, such aforementioned unpaid wage claims of Plaintiff and those similarly situated are unified through common theories of Defendant's FLSA statutory violations.

34. Plaintiff will fairly and adequately protect the interests of potential plaintiffs as their interests are mutually aligned.

35. Plaintiff has no interests adverse to those similarly situated.

36. Plaintiff has retained competent legal counsel who are experienced in multi-plaintiff actions.

37. The multi-plaintiff action mechanism is superior to the other available methods for a fair and efficient adjudication of this controversy. The expenses, costs, and burden of

---

[1] Plaintiff reserves the right to modify or amend the Description upon newly discovered information gathered through the discovery process.

litigation suffered by individual potential plaintiffs are relatively small in comparison to the expenses, costs, and burden of litigation associated with individual actions, making it virtually impossible for plaintiffs to seek redress for the wrongs done to them individually.

38. Plaintiff and those similarly situated have suffered and will continue to suffer irreparable damage from the unlawful policies, practices, and procedures implemented by Defendant.

## COUNT I
## FLSA VIOLATIONS

39. Plaintiff hereby incorporates by reference all of the preceding paragraphs as if entirely rewritten herein.

40. At all relevant times, Plaintiff and those similarly situated were employees entitled to the FLSA's protections.

41. Defendant is an employer covered by the FLSA.

42. Plaintiff and those similarly situated performed compensable hours of work in excess of forty (40) per week during all times material without being paid at least at the applicable FLSA overtime compensation rates of pay within weekly pay periods, as previously described.

43. The FLSA entitles employees to at least one and one-half times their regular hourly rates of pay for hours in excess of 40 per week within weekly pay periods.

44. The unpaid wage claims of Plaintiff and those similarly situated are unified through common theories of Defendant's FLSA statutory violations.

45. Defendant failed to maintain true and accurate pay records pertaining to Plaintiff and those similarly situated, as is required by the FLSA.

46. Defendant knowingly committed the aforementioned FLSA violations.

47. Defendant acted willfully and with reckless disregard of clearly established FLSA overtime compensation provisions and, without a good faith basis for such failure, in violating the FLSA herein.

**PRAYER FOR RELIEF**

Whereas, Plaintiff, individually, and on behalf of herself and all others similarly situated, requests this Court to grant the following relief against Defendant:

A. Promptly issue notices pursuant to 29 U.S.C. § 216(b), apprising potential plaintiffs of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents to join under 29 U.S.C. § 216(b);

B. An award of compensation for unpaid overtime compensation to Plaintiff and potential plaintiffs who join this action at the applicable FLSA overtime compensation rates of pay.

C. An award of liquidated damages to Plaintiff and potential plaintiffs who join this action;

D. An award of prejudgment and post-judgment interest at the applicable legal rate to Plaintiff and potential plaintiffs who join this action;

E. An award of costs, expenses, and disbursements relating to this action, together with reasonable attorneys' fees and expert fees to Plaintiff and potential plaintiffs who join this action;

F. A ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action, and

G. Such other general and specific relief as this Court deems just and proper.

**JURY TRIAL DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a **trial by jury** on all issues so triable.

Dated: October 2, 2025                     Respectfully Submitted


                                                *s/J. Russ Bryant*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
J. Joseph Leatherwood IV (TN BPR #39490)
**JACKSON, SHIELDS, HOLT,**
**OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*jleatherwood@jsyc.com*


***ATTORNEYS FOR PLAINTIFFS***
***AND FOR OTHERS SIMILARLY***
***SITUATED***